UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

MICHAEL-DUANE: STRAIN,

Petitioner,

v.

THE STATE OF MINNESOTA, and
THE COUNTY OF FILMORE,

Respondents.

Civil File No. 00-847 (DWF/ESS)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's Application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the Petition for Writ of Habeas Corpus be SUMMARILY DISMISSED pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

As far as the Court can discern from Petitioner's obscure submissions, he is attempting to challenge an outstanding warrant that has been issued by the state district court for Fillmore County, Minnesota. There is no indication that Petitioner is challenging any state criminal conviction, or that he was in custody as of the date when his petition was filed, which was April 5, 2000. Petitioner apparently believes that the alleged warrant was

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

FILED APR 07 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

issued without valid legal authority, and he seems to seeking to have the warrant quashed. It does not appear that Petitioner has ever sought any relief with regard to the alleged warrant in any state court proceeding of any kind.

## II. DISCUSSION

### A. Custody Requirement

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only for persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 490 (1989) (per curiam), quoting 28 U.S.C. § 2254(a) (emphasis added by the Supreme Court). Moreover, federal habeas corpus relief is available only for persons who are "in custody" as of the date when such relief is requested. Id. at 490-91 ("[w]e have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed"). Because it appears that the instant Petitioner was not in custody when he filed his petition, he is not presently eligible for federal habeas corpus relief. His petition must therefore be summarily dismissed.

### B. Exhaustion of State Court Remedies Requirement

Even if Petitioner were in custody, his petition still would be summarily dismissed, because he has not exhausted his state court remedies. It is well established that a federal court may not entertain a petition for a writ of habeas corpus challenging state criminal proceedings unless the petitioner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1731 (1999); Rose

v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors arising during the course of state court proceedings. O'Sullivan, 119 S.Ct. at 1731; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

To exhaust his state court remedies, a habeas petitioner must fairly present all of his claims to the highest available state court before seeking relief in federal court. O'Sullivan, supra; Duncan, supra; McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court"). Because federal courts will not entertain habeas petitions that contain unexhausted claims, such petitions are subject to summary dismissal under Rule 4.

In this case, it is readily apparent that Petitioner has not satisfied the exhaustion of state court remedies requirement. If he believes that there is some impropriety in a warrant issued by a state court, he must first raise his objections in the state court system. Furthermore, if his objections are rejected by the lower state courts, he must pursue every available avenue of appellate review within the state court system. Petitioner may seek habeas corpus relief in federal court only after all of his claims have been fairly presented to, and decided on the merits by, the highest available state court. O'Sullivan, 119 S.Ct. at 1732 ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented

to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). Because Petitioner has not satisfied the exhaustion of state court remedies requirement, his present petition cannot be entertained at this time. For this additional reason, the petition must be summarily dismissed.

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

Petitioner's Application for a Writ of Habeas Corpus, (Docket No. 1), be **DISMISSED**.

DATED: April 7, 2000

E.S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.